UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY JAMES AGEE,<br><br>    Petitioner<br><br>v.<br><br>GEORGE JAIME,<br><br>    Respondent. | Case No. 2:20-cv-08666-JFW (GJS)<br><br>ORDER: DISMISSING PETITION; AND DENYING A CERTIFICATE OF APPEALABILITY |

On September 17, 2020, Petitioner, a state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 [Dkt. 1, "Petition"].  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, the Court finds that the claims alleged in the Petition are not cognizable in federal habeas review and could not be rendered so through amendment.  Accordingly, under Rule 4, dismissal is required.

///

///

**BACKGROUND**

The Court has carefully reviewed the Petition and the relevant state court dockets[1] and has ascertained the following information:

In Los Angeles Superior Court Case No. MA069184, Petitioner was charged with four counts of second degree robbery, two counts of misdemeanor shoplifting, and five counts of conspiracy to commit shoplifting, and it was alleged that he had served six prior prison terms for felonies. On October 26, 2016, Petitioner entered a nolo contendere plea to four counts of second degree robbery and two counts of shoplifting, and he admitted the six prior prison term enhancement allegations. Petitioner also entered a nolo contendere plea to a drug charge in an unrelated case. As part of the plea deal, the parties agreed that the two cases would be consolidated for sentencing and that Petitioner would receive an aggregate state prison sentence of 16 years with execution of sentence suspended pending Prisoner's successful performance on probation. The trial court so sentenced Petitioner, with his probation term set at five years, and ordered that Petitioner serve 365 days in jail and pay victim restitution.

Petitioner, however, did not successfully complete his probation. On June 23, 2017, after new charges (including one for robbery) were filed against Petitioner, the trial court summarily revoked probation, remanded Petitioner into custody, and set a probation violation hearing. Petitioner subsequently moved to withdraw his above pleas, but the trial court denied the motion. After the trial court ruled, Petitioner entered into another plea bargain, in which he: admitted to violating probation in the above two earlier cases; pled no contest to the new robbery charge and admitted that he had suffered a prior "strike" conviction in connection with the new case; and

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, in addition to reviewing the documents included in the Petition.

was to be sentenced to an additional two-year term for the new case, to be served consecutively to the previously-imposed but suspended 16-year aggregate sentence. After the plea proceedings concluded and the trial court found that Petitioner had violated probation, the trial court sentenced Petitioner to an aggregate state prison term of 18 years.

Petitioner appealed (Case No. B287685). On August 6, 2018, the California Court of Appeal affirmed the orders denying Petitioner's motion to withdraw his plea and finding him in violation of probation. Petitioner did not seek review in the California Supreme Court.

Subsequently, Petitioner filed a motion in the trial court seeking to have his sentence recalled and to be resentenced. He argued that, under a 2018 Ninth Circuit decision, robbery no longer was a crime of violence, and thus, he should be resentenced. The trial court denied the motion on November 19, 2018, finding Petitioner's argument to be without merit. [Petition attachment at ECF #19.]

In 2019, Petitioner brought a second motion in the trial court seeking to have his sentence recalled and to be resentenced. The motion was based on California Assembly No. 2942 ("AB 2942"), which modified California Penal Code § 1170(d)(1), as discussed *infra*. Petitioner again argued that, under a 2018 Ninth Circuit decision, robbery is no longer a crime of violence and, further, that witness testimony from an unspecified proceeding showed that no force or fear had been involved in connection with at least one of his five robbery convictions. [*See* Petition attachment at ECF ##9-18.] The motion was denied on June 17, 2019.

On October 23, 2019, Petitioner filed a petition for a writ of mandate in the California Court of Appeal (Case No. B301670), in which he alleges that he raised his present claims. [Petition at 2.] On October 30, 2019, the California Court of Appeal denied the petition summarily. [*Id.* at ECF #22.]

On December 2, 2019, the California Supreme Court granted Petitioner permission to filed an untimely appeal and he filed a petition for review (Case No.

3

S259386). As in the trial court, Petitioner argued that, under AB 2942, he was entitled to have his sentence recalled for resentencing, because one or more of the events which led to one of his robbery convictions did not involve force or fear. More particularly, Petitioner complained that the Deputy District Attorney had abused his discretion by failing to cause Petitioner to be resentenced after Petitioner's motion to recall his sentence was denied in the trial court. Petitioner stated that he was seeking review so that he could exhaust his "federal claim for reduction of sentence." [*See* Petition attachment at ECF ##21, 23-26, 28-40.] On January 15, 2020, the California Supreme Court denied review summarily. [*Id.* at ECF #27.]

## PETITIONER'S CLAIMS

The Petition raises two grounds. As Ground One, Petitioner alleges, without explanation, that "there was no robbery because there was no force or fear" and directs the Court to review attached pages from an unidentified reporter's transcript. As Ground Two, Petitioner alleges simply, "abuse of discretion" and nothing more. Petition at 5.] Petitioner alleges that he raised both claims in his above-noted California Supreme Court petition for review [*id.*], a copy of which is appended to the Petition.

The Court has construed the Petition liberally, as amplified by the allegations of the petition for review, which is the only means by which Petitioner can have exhausted any federal habeas claim. As stated in the petition for review, Petitioner seeks federal habeas relief in the nature of an order reducing his sentence. In particular, he contends that: under AB 2942, the prosecutor should have taken steps to cause Petitioner's sentence to be recalled and reduced, for the reason that the robbery to which he pled guilty did not actually involve the required elements of force or fear; and thus, he should be resentenced for a lesser crime, such as shoplifting. Petitioner apparently contends that the prosecutor's failure to so act

4

and/or the state courts' failure to grant his motion to recall his sentence was an abuse of discretion under state law.

## PETITIONER'S CLAIMS ARE NOT COGNIZABLE

Petitioner's claims are based on his inability to have his sentence recalled and reduced under California law pursuant to AB 2942, as it is embodied in an amended version of California Penal Code § 1170.1(d)(1). AB 2942 revised Section 1170(d)(1) to give state prosecutors and others the ability to reevaluate past sentences and, when warranted, make a request to the trial court to have a defendant resentenced to a lower sentence. Section 1170(d)(1) provides that, if the sentence recall procedure is properly invoked as to a defendant serving a prison term – whether *sua sponte* by the trial court itself or on recommendation of the California Department of Corrections and Rehabilitation, California Board of Parole Hearings, or the county district attorney – the resentencing court has discretion to reduce the defendant's sentence "if it is in the interest of justice." Cal. Pen. Code § 1170(d)(1). The court "may consider postconviction factors" such as the defendant's "disciplinary record and record of rehabilitation while incarcerated" and the defendant's "risk for future violence." *Id.* There are limited circumstances in which a defendant can directly petition the trial court for resentencing pursuant to AB 2942 or the California Department of Corrections and Rehabilitation can request resentencing for reasons such as terminal illness or mental incapacitation, but none of these apply to Petitioner. Cal. Pen. Code § 1170(d)(2) and (e)(1)

Petitioner's claims are not cognizable here, because he complains about the prosecutor's and/or the trial court's exercise of discretion that they possess under state law only, not about any federal right that has been violated. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal citations omitted); *see also Swarthout v. Cooke*, 562

U.S. 216, 219 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted). Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both that there was state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Petitioner's challenge to the denial of his request to recall his sentence necessarily fails. Petitioner has not shown any misapplication of California sentencing law, much less fundamental unfairness. Whether or not Petitioner is eligible for the recall of his sentence under state law based on the matter he alleges – namely, that one of the robberies he committed did not involve force or fear and, so, should have been treated as a shoplifting matter – is purely a state law question to be considered by the resentencing court exercising its discretion. The resentencing court has considered Petitioner's allegation twice and has found it insufficient to warrant resentencing, which was a decision within its discretion. As the recall procedure at issue here is purely discretionary and no state law error is apparent, federal due process is not implicated. Critically, Petitioner does not allege any federal constitutional error – the fundamental requisite for federal habeas relief – nor

1 is there any basis upon which he could do so.

2 The state courts' refusal to resentence Petitioner and/or the prosecutor's
3 failure to seek recall and resentencing do not present any basis for federal habeas
4 relief.  As a result, dismissal is required.  *See Smith v. Houston*, No. 2:20-cv-02141-
5 JGB (AFM), 2020 WL 5351319, *2 (C.D. Cal. Jul. 30, 2020) (dismissing petition
6 brought seeking resentencing under AB 2942, because "[w]hether Petitioner is
7 entitled to resentencing is a question pertaining solely to state law, and as such, [his
8 resentencing claim is] not cognizable in this action"), adopted by 2020 WL 5350435
9 (Sept. 2, 2020); *Bailey v. Sherman*, No. EDCV 19-02120-ODW (JEM), 2020 WL
10 4372118, *3 (C.D. Cal. June 30, 2020) (dismissing as not cognizable claim brought
11 seeking sentence recall and resentencing under Section 1170(d)(1)), adopted by
12 2020 WL 4368062 (Jul. 30, 2020); *Housh v. Rackley*, No. 17-cv-4222-HSG (PR),
13 2019 WL 1117530, *2 (N.D. Cal. Mar. 11, 2019) (summarily denying a petitioner's
14 motion for resentencing pursuant to AB 2942 on the ground that habeas relief is
15 available only for a violation of the Constitution or laws or treaties of the United
16 States); *see also Mills v. Marsh*, No. 2:19-cv-05237-DDP-MAA, 2020 WL
17 1180433, *3 (C.D. Cal. Jan. 9, 2020) (finding that petitioner's request for
18 resentencing under Section 1170(d)(1), as modified by Assembly Bill 1812, was not
19 cognizable on federal habeas review), adopted by 2020 WL 5202073 (Sept. 1,
20 2020).

21 No matter how liberally Petitioner's claims based on his inability to obtain
22 resentencing are construed, they cannot be read to state any colorable federal
23 constitutional claim and could not do so with amendment.  Accordingly, as it plainly
24 appears on the face of the Petition that the state sentence-related claims alleged
25 therein cannot serve as any basis for federal habeas relief, Rule 4 requires that the
26 Petition be dismissed with prejudice.

27 Accordingly, IT IS ORDERED that:  the Petition is dismissed on the ground
28 that the claims raised are not cognizable; and Judgment shall be entered dismissing

this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability ("COA") is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a COA is unwarranted, and thus, a COA is DENIED.

**IT IS SO ORDERED.**

DATED: October 5, 2020

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE